UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

NATIONAL CITY BANK,

      Plaintiff,

v.                                    Case No: 2:17-cv-31-FtM-99CM

OWEN    BEDASEE,    SANDIE
BEDASEE,   FIRST   FRANKLIN
FINANCIAL CORPORATION, JOHN
DOE, and JANE DOE,

      Defendants.

_____

## OPINION AND ORDER

This matter comes before the Court on review of Defendants pro se Owen and Sandie Bedasee's Notice of Removal (Doc. #1) and National City Bank's Complaint for Foreclosure of Mortgage and for Damages (Doc. #2) filed on January 18, 2017. For the reasons set forth below, this cause is remanded for lack of subject-matter jurisdiction.

**I.**

This is defendants' second attempt to remove the same underlying foreclosure complaint to this Court. See National City Bank v. Bedasee et al., 2:16-cv-555-29MRM. This foreclosure action was initially filed by National City Bank in the Circuit Court of the Twentieth Judicial Circuit in and for Collier County on March 24, 2008. (Doc. #2.) The Final Judgment of Foreclosure was entered on August 12, 2014, and confirmed by the Second District Court of Appeals. Defendants state in the Notice of

Removal that they seek to test the constitutionality of the current Florida statutory scheme governing foreclosures.  (Doc. #1 at 2.)

Federal courts are courts of limited jurisdiction and "a court should inquire into whether it has subject matter jurisdiction at the earliest possible stage in the proceedings. Indeed, it is well settled that a federal court is obligated to inquire into subject matter jurisdiction sua sponte whenever it may be lacking." Univ. S. Alabama v. Am. Tobacco Co., 168 F.3d 405, 409, 410 (11th Cir. 1999) (citations omitted).  "A removing defendant bears the burden of proving proper federal jurisdiction. . . . Any doubts about the propriety of federal jurisdiction should be resolved in favor of remand to state court."  Adventure Outdoors, Inc. v. Bloomberg, 552 F.3d 1290, 1294 (11th Cir. 2008).

Removal jurisdiction exists only where the district court would have had original jurisdiction over the action, unless Congress expressly provides otherwise.  28 U.S.C. § 1441(a); Darden v. Ford Consumer Fin. Co., Inc., 200 F.3d 753, 755 (11th Cir. 2000).  As the party seeking federal jurisdiction, the burden is upon defendant to establish jurisdiction as of the date of removal.  Sammie Bonner Constr. Co. v. W. Star Trucks Sales, Inc., 330 F.3d 1308, 1310 (11th Cir. 2003); Williams v. Best Buy Co., 269 F.3d 1316, 1319 (11th Cir. 2001).

## II.

As the Court set forth in its Opinion and Order in the previous removal case based upon the same underlying complaint for foreclosure, the sole relief sought in the underlying complaint has been granted, rejected, or otherwise concluded in the state court, and cannot now be re-litigated or revisited in federal court. National City Bank, 2:16-cv-555-29MRM (Doc. #22) (M.D. Fla. Aug. 26, 2016). A federal district court does not sit as an appellate court of state cases. See Rooker v. Fid. Tr. Co., 263 U.S. 413 (1923); District of Columbia Court of Appeals v. Feldman, 460 U.S. 462 (1983). The Court finds that it continues to lack subject-matter jurisdiction over this case. No new basis for federal jurisdiction has been presented in the Notice of Removal.

Accordingly, it is hereby

**ORDERED AND ADJUDGED:**

1. The Court **REMANDS** this case to the Circuit Court of the Twentieth Judicial Circuit, in and for Collier County, Florida. The Clerk is directed to transmit a certified copy of this Opinion and Order to the Clerk of that court.

2. The Clerk is further directed to terminate all pending motions and deadline and close the case.

**DONE and ORDERED** at Fort Myers, Florida, this __2nd__ day of February, 2017.

JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

- 3 -

Copies:
Defendants
Counsel of Record